IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO.   04-2181 D/An |
| FXTRADE FINANCIAL, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Impose Discovery Sanctions Against Defendant Jeffrey Mischler ("Mischler") filed on June 30, 2005. United States District Judge Bernice B. Donald referred this matter to the Magistrate Judge for a report and recommendation. For the reasons set forth below, the Court recommends that Mischler's Answer be stricken, that default judgment be entered against Mischler, and that Mischler be required to pay reasonable expenses to Plaintiff.

## BACKGROUND

Plaintiff Commodity Futures Trading Commission ("Plaintiff") filed this action against multiple Defendants seeking injunctive relief. Plaintiff alleges that Defendants engaged in fraud and misappropriated customer funds in connection with the solicitation of futures contracts. Beginning in November 2004, the Court handled its first disciplinary matter in this case when Judge Donald entered an Order to Show Cause after the Defendants failed to comply with a

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

1

Statutory Restraining Order entered by the Court on March 17, 2004. Judge Donald did not impose sanctions at the Court's December 3, 2004 hearing against the Defendants. The Court has also had to deal with numerous motions to compel filed by Plaintiff against the Defendants in this case. Overall, Plaintiff has filed six motions to compel against multiple Defendants in this action, and Plaintiff has filed numerous motions for sanctions.

This specific motion deals only with Defendant Jeffrey Mischler. On February 18, 2005, Plaintiff filed a Motion to Compel against Mischler. Mischler received two extensions of time to respond to the Motion to Compel, but after failing to timely respond, the Court granted the Motion to Compel against Mischler on May 17, 2005. In its May 17, 2005 Order, the Court warned Mischler "that the failure to comply with an Order of the Court can be grounds for the imposition of sanctions." Therefore, although his responses were due by June 1, 2005, Mischler has still failed to provide any additional documents to Plaintiff, as required by the May 17, 2005 Order. In the instant Motion, Plaintiff also informs the Court that Mischler has not provided Plaintiff with many of the documents that he said he would provide in his initial discovery responses. These documents include income tax returns and telephone records.

Although a response to the instant motion was due no later than July 20, 2005, Mischler did not file a timely response as required by Local Rule 7.2(a)(2). "Failure to timely respond to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion." Local Rule 7.2(a)(2).

## ANALYSIS

The Court has both express power, under Federal Rule of Civil Procedure 37, and inherent power to impose sanctions for bad faith conduct during discovery. *See* Fed. R. Civ. P.

2

37; *Chambers v. NASCO*, 501 U.S. 32 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980). Rule 37 provides two frameworks for the imposition of sanctions. First, under subsections (a) and (b), a party may move for an order to compel discovery. If that motion is granted and a party refuses or fails to comply with the Court's Order, the Court may issue a wide range of sanctions under Rule 37(b), including dismissal of the lawsuit. Second, subsection (d) provides for a less common scenario when sanctions may be imposed even though no prior court order has been issued. The Court may enter an order for sanctions under Rule 37(d), for example, if a party fails to attend a deposition or respond to discovery requests. Rule 37(d) also allows the Court to award attorneys' fees and expenses.

The Court may also impose sanctions based on its inherent authority. A court's inherent power "is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). This inherent power includes the Court's "power to control and supervise its own proceedings." *Smith v. Northwest Fin. Acceptance, Inc.*, 129 F.3d 1408, 1419 (10th Cir. 1997).

The decision to impose sanctions lies within the sound discretion of the trial court. *See Dillon v. Nissan Motor Co.*, 986 F.2d 263, 268 (8th Cir. 1993). Sanctions are "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). "[T]he applicable sanction should be

molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999).

Dismissal of an action is warranted if the wrongdoing party has committed "flagrant bad faith." *Jackson v. Nissan Motor Corp.*, 121 F.R.D. 311, 319 (M.D. Tenn. 1988) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976)). In the Sixth Circuit, "[d]ismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Engineering & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). The word "willful" is defined in *Black's Dictionary* to mean "[v]oluntary and intentional, but not necessarily malicious." *Black's Dictionary* 1593 (7th ed. 1999). The Sixth Circuit also directs that reviewing courts determine if the adversary was prejudiced by a failure to cooperate in discovery, whether a party was warned that the failure to cooperate could lead to sanctions, and whether less drastic sanctions were first imposed or considered. *See Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

After a thorough review of the pleadings in this action and careful consideration, the Court recommends that Mischler's Answer should be stricken and default judgment should be entered against Mischler. Although dismissal is a sanction of last resort in this Circuit, the Court concludes that Mischler has received ample opportunity to comply with Orders of the Court and cooperate in the discovery process. Mischler was first instructed by the Court to completely respond to Plaintiff's discovery requests by June 1, 2005; however, as of today, Mischler has yet to respond to Plaintiff. Furthermore, as documented by Plaintiff, Mischler has yet to provide documents that he said he would provide when he first responded to Plaintiff's discovery

4

requests. Mischler has not responded to any telephone call, letter, e-mail, pleading, or Order of the Court since April 4, 2005, and Plaintiff notes that it "has not heard from Mischler or any attorney acting on his behalf" since April 7, 2005. (Mot. for Sanctions, at 3).

The Court concludes that Mischler's conduct is in bad faith, and that he is intentionally failing to cooperate in the discovery process. Mischler ignored the Court's April 25, 2005 deadline to notify the Court of his new counsel; he ignored the Court's deadline for him to respond to a motion to compel; he ignored the June 1, 2005 deadline to completely respond to the Plaintiff's discovery requests; he has ignored his promise to provide documents to the Plaintiff; and he has ignored requests from the Plaintiff to respond to telephone calls, letters and e-mails.

After analyzing the remaining three factors discussed in *Freeland*, the Court concludes that dismissal of this action against Mischler is appropriate. By not being able to timely proceed with this lawsuit, Plaintiff has been prejudiced. Plaintiff has spent countless hours attempting to locate discovery materials and filing motions to compel and motions for sanctions with the Court. Plaintiff cannot begin its depositions of factual or expert witnesses, and Plaintiff cannot compose supplemental discovery requests until Mischler provides complete discovery responses.

The Court has warned Mischler that the failure to comply with Orders of the Court could lead to discovery sanctions. Moreover, lesser sanctions have been imposed against Mischler twice before, yet Mischler still continues to ignore Court Orders, refuse to respond to discovery requests, and delay these proceedings. Therefore, the Court concludes no other sanction can persuade Mischler to actively participate in this lawsuit.

Because of his repeated failure to cooperate in the discovery process and his bad faith conduct, the Court recommends that Mischler's Answer be stricken. The Court also

recommends that default judgment should be entered against Mischler, and that Mischler should be required to pay reasonable fees to Plaintiff's counsel for its work in preparing the initial Motion to Compel and the instant Motion for Sanctions.[1]

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

*S. Thomas Anderson*
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: August 25, 2005

---

[1] If Judge Donald adopts this report and recommendation in full, Plaintiff's counsel shall supply an affidavit to the Court within 20 days of entry of such an Order adopting this report and recommendation. In the affidavit, Plaintiff's counsel shall list the fees and expenses, including attorney's fees, incurred in the preparation of the February 18, 2005 Motion to Compel and the instant Motion for Sanctions.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 141 in case 2:04-CV-02181 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

---

Benjamin R. Ogletree
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave.
Ste. 300
Washington, DC 20036

Charles D. Marvine
COMMODITY FUTURES TRADING COMMISSION
Two Emanuel Cleaver II Blvd.
Ste. 300
Kansas City, MO 64112

Joseph J. Cecala
222 Albion
Park Ridge, IL 60068

Rachel A. Hayes
COMMODITY FUTURES TRADING COMMISSION
Two Emanuel Cleaver II Blvd.
Ste. 300
Kansas City, MO 64112

Richard Glaser
1155 21st Streetm N.W.
Division of Enforcement
Washington, DC 20581

Mary Jo Sibbitt
21 W. 611 Glen Park Rd
Glen Ellyn, IL 60137

Jeffrey A. Mischler
8653 Heatherly Cove
Germantown, TN 38138

Gary A. Vanasek
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Thomas J. Sjoblom
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave.
Ste. 300
Washington, DC 20036

W. Michael Richards
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT