IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 AUG 30 AM 10: 46

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO.  04-2181 D/An |
| FXTRADE FINANCIAL, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Impose Discovery Sanctions Against Defendant Mary Jo Sibbitt ("Sibbitt") filed on July 6, 2005. United States District Judge Bernice B. Donald referred this matter to the Magistrate Judge for a report and recommendation. For the reasons set forth below, the Court recommends that Sibbitt's Amended Answer be stricken, that default judgment be entered against Sibbitt, and that Sibbitt be required to pay reasonable expenses to Plaintiff.

## BACKGROUND

Plaintiff Commodity Futures Trading Commission ("Plaintiff") filed this action against multiple Defendants seeking injunctive relief. Plaintiff alleges that Defendants engaged in fraud and misappropriated customer funds in connection with the solicitation of futures contracts. Beginning in November 2004, the Court handled its first disciplinary matter in this case when Judge Donald set an Order to Show Cause after the Defendants failed to comply with a Statutory Restraining Order entered by the Court on March 17, 2004. Judge Donald did not enter sanctions

This document entered on the docket sheet in compliance
with Rule 58 and  .9(a)  .  .  on _____

at the Court's December 3, 2004 hearing against the Defendants. The Court has also had to handle numerous motions to compel filed by Plaintiff against the Defendants in this case. Overall, Plaintiff has filed six motions to compel against multiple Defendants in this action, and Plaintiff has filed numerous motions for sanctions.

This specific motion deals only with Defendant Sibbitt. On October 7, 2004, Plaintiff served its First Set of Interrogatories and First Set of Requests for Production of Documents on Sibbitt. Although Sibbitt made numerous promises to Plaintiff that she would produce complete responses to the discovery requests, she never provided Plaintiff with complete responses. Plaintiff filed a motion to compel with the Court on December 7, 2004, and after Sibbitt failed to respond to the motion to compel, the Court granted the motion on January 4, 2005. In the instant Motion, Plaintiff advises the Court that Sibbitt actually turned over discovery requests while the first motion to compel was pending before the Court; however, Plaintiff argues that these responses were deficient in several respects. As such, Plaintiff filed a second motion to compel with the Court.

Similar to the first motion to compel, Sibbitt did not respond to the second motion to compel. As such, for not responding and for good cause shown, the Court granted the second motion to compel and ordered Sibbitt to provide complete responses to Plaintiff's discovery requests within 15 days of entry of the Order. The Court also warned Sibbitt that the failure to comply with an Order of the Court could be grounds for the imposition of sanctions.

Because of Sibbitt's failure to respond to both motions to compel, the Court set a Show Cause hearing. Sibbitt was required to attend this hearing, set for April 14, 2005, and explain why sanctions should not be imposed against her after she failed to respond to the second motion

2

to compel. Sibbitt called the Undersigned's chambers the day before the hearing was to take place and explained she had worked things out with Plaintiff and would not be appearing at the hearing. The Undersigned's staff informed Sibbitt she was not free to decide it was unnecessary for her to attend the hearing, and the Undersigned's staff informed Sibbitt her attendance was required at the following day's hearing. Sibbitt, however, did not appear at the hearing

The Undersigned's staff called Plaintiff's counsel to discuss the conversation that took place between the Undersigned's staff and Sibbitt, and Plaintiff's counsel stated that Sibbitt had promised to produce all remaining documents and complete discovery responses by April 22, 2005 and that Sibbitt had promised to pay $2,500.00 to Plaintiff by April 22, 2005.[1] Sibbitt faxed supplemental discovery responses to Plaintiff on April 22, 2005; however, Sibbitt failed to produce many of the documents she said she would produce, including tax returns, payroll records, real estate records, telephone records, and the like. Sibbitt also failed to pay the $2,500.00 to Plaintiff.

Plaintiff sent Sibbitt a letter on May 19, 2005 regarding the deficient discovery responses, and Sibbitt responded to the letter in an e-mail on the same day stating that she had retained new counsel and that she and her counsel would review Plaintiff's letter and provide additional documents by May 24, 2005. Neither Sibbitt or her counsel provided responsive documents, and to date no attorney has filed a Notice of Appearance on Sibbitt's behalf.

Although a response to the instant motion was due no later than July 25, 2005, Sibbitt did not file a timely response as required by Local Rule 7.2(a)(2). "Failure to timely respond to any

---

[1] Plaintiff informed the Court that the $2,500.00 was to cover attorney's fees and expenses incurred by Plaintiff in preparing the motion to compel against Sibbitt. The Court was not informed by Sibbitt of her intention to pay $2,500.00.

3

motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion." Local Rule 7.2(a)(2).

## ANALYSIS

The Court has both express power, under Federal Rule of Civil Procedure 37, and inherent power to impose sanctions for bad faith conduct during discovery. *See* Fed. R. Civ. P. 37; *Chambers v. NASCO*, 501 U.S. 32 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980). Rule 37 provides two frameworks for the imposition of sanctions. First, under subsections (a) and (b), a party may move for an order to compel discovery. If that motion is granted and a party refuses or fails to comply with the Court's Order, the Court may issue a wide range of sanctions under Rule 37(b), including dismissal of the lawsuit. Second, subsection (d) provides for a less common scenario when sanctions may be imposed even though no prior court order has been issued. The Court may enter an order for sanctions under Rule 37(d), for example, if a party fails to attend a deposition or respond to discovery requests. Rule 37(d) also allows the Court to award attorneys' fees and expenses.

The Court may also impose sanctions based on its inherent authority. A court's inherent power "is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). This inherent power includes the Court's "power to control and supervise its own proceedings." *Smith v. Northwest Fin. Acceptance, Inc.*, 129 F.3d 1408, 1419 (10th Cir. 1997).

4

The decision to impose sanctions lies within the sound discretion of the trial court. *See Dillon v. Nissan Motor Co.*, 986 F.2d 263, 268 (8th Cir. 1993). Sanctions are "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). "[T]he applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999).

Dismissal of an action is warranted if the wrongdoing party has committed "flagrant bad faith." *Jackson v. Nissan Motor Corp.*, 121 F.R.D. 311, 319 (M.D. Tenn. 1988) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976)). In the Sixth Circuit, "[d]ismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Engineering & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). The word "willful" is defined in *Black's Dictionary* to mean "[v]oluntary and intentional, but not necessarily malicious." *Black's Dictionary* 1593 (7th ed. 1999). The Sixth Circuit also asks that reviewing courts determine if the adversary was prejudiced by a failure to cooperate in discovery, whether a party was warned that the failure to cooperate could lead to sanctions, and whether less drastic sanctions were first imposed or considered. *See Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

After a thorough review of the pleadings in this action and careful consideration, the Court recommends that Sibbitt's Answer should be stricken and default judgment should be entered against Sibbitt. Although dismissal is a sanction of last resort in this Circuit, the Court

5

concludes that Sibbitt has received ample opportunity to comply with Orders of the Court and cooperate in the discovery process. Sibbitt has repeatedly failed to timely to respond to the Court's Orders, has not filed responses to Plaintiff's motions, has promised to provide supplemental discovery responses multiple times in this litigation and failed to do so, and has failed to appear at a Show Cause hearing after being instructed by the Undersigned's staff that her appearance was mandatory. Furthermore, although she has apparently retained new counsel, neither she or her counsel has taken any steps to provide discovery responses to Plaintiff or to notify the Court of her counsel's appearance in this matter. For these reasons, the Court concludes that Sibbitt's conduct is in bad faith, and that she is intentionally failing to cooperate in the discovery process.

After analyzing the remaining three factors discussed in *Freeland*, the Court concludes that dismissal of this action against Sibbitt is appropriate. By not being able to timely proceed with this lawsuit, Plaintiff has been prejudiced. Plaintiff has spent countless hours attempting to locate discovery materials and filing motions to compel and motions for sanctions with the Court. Plaintiff cannot begin its depositions of factual or expert witnesses, and Plaintiff cannot compose supplemental discovery requests until the Defendants provide initial discovery responses.

The Court warned Sibbitt that the failure to comply with Orders of the Court could lead to discovery sanctions. Moreover, the Court has imposed lesser sanctions on Sibbitt. On July 6, 2005, the Court ordered Sibbitt to share in paying expenses to Plaintiff's counsel for preparing discovery motions, and at this time, Sibbitt has not turned over any funds to Plaintiff's counsel. Sibbitt continues to ignore Court Orders, refuses to respond to discovery requests, and is delaying

these proceedings. Therefore, the Court concludes no other sanction can persuade Sibbitt to actively participate in this lawsuit.

Because of her repeated failure to cooperate in the discovery process and her bad faith conduct, the Court recommends that Sibbitt's Answer be stricken. The Court also recommends that default judgment should be entered against Sibbitt, and that Sibbitt should be required to pay reasonable fees to Plaintiff's counsel for its work in preparing the Second Motion to Compel against Sibbitt and the instant Motion for Sanctions against Sibbitt. Therefore, if Judge Donald adopts this report and recommendation in full, Plaintiff's counsel shall supply an affidavit to the Court within 15 days of entry of such an Order adopting this report and recommendation. In the affidavit, Plaintiff's counsel shall list the fees and expenses, including attorney's fees, incurred in the preparation of the March 1, 2005 Second Motion to Compel and the instant Motion for Sanctions.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

/s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: August 29, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 142 in case 2:04-CV-02181 was distributed by fax, mail, or direct printing on September 6, 2005 to the parties listed.

---

Mary Jo Sibbitt
21 W. 611 Glen Park Rd
Glen Ellyn, IL 60137

Joseph J. Cecala
222 Albion
Park Ridge, IL 60068

Benjamin R. Ogletree
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave.
Ste. 300
Washington, DC 20036

Charles D. Marvine
COMMODITY FUTURES TRADING COMMISSION
Two Emanuel Cleaver II Blvd.
Ste. 300
Kansas City, MO 64112

Rachel A. Hayes
COMMODITY FUTURES TRADING COMMISSION
Two Emanuel Cleaver II Blvd.
Ste. 300
Kansas City, MO 64112

Richard Glaser
1155 21st Streetm N.W.
Division of Enforcement
Washington, DC 20581

Gary A. Vanasek
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Thomas J. Sjoblom
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave.
Ste. 300
Washington, DC 20036

Jeffrey A. Mischler
8653 Heatherly Cove
Germantown, TN 38138

W. Michael Richards
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT