FILED BY
AUG 29 2005
Thomas M. Gould, Clerk
U. S. District Court
W. D. OF TN, Memphis

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )    NO.   04-2181 D/An |
| FXTRADE FINANCIAL, LLC, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Impose Discovery Sanctions Against Defendants FxTrade Financial, LLC ("FxTrade"), Jeffrey A. Mischler ("Mischler"), Mary Jo Sibbitt ("Sibbitt"), and Reverie LLC ("Reverie") filed on July 6, 2005. United States District Judge Bernice B. Donald referred this matter to the Magistrate Judge for a report and recommendation. For the reasons set forth below, the Court recommends (1) that FxTrade's Amended Answer be stricken, (2) that default judgment be entered against FxTrade, (3) that Judge Donald hold a show cause hearing to determine if Reverie should be held in default, and (4) that FxTrade, Mischler, Sibbitt and Reverie should be required to pay reasonable expenses to Plaintiff for their failure to cooperate in the discovery process.

## BACKGROUND

Plaintiff Commodity Futures Trading Commission ("Plaintiff") filed this action against multiple Defendants seeking injunctive relief. Plaintiff alleges that Defendants engaged in fraud and misappropriated customer funds in connection with the solicitation of futures contracts.

Beginning in November 2004, the Court handled its first disciplinary matter in this case when Judge Donald set an Order to Show Cause after the Defendants failed to comply with a Statutory Restraining Order entered by the Court on March 17, 2004. Judge Donald did not enter sanctions at the Court's December 3, 2004 hearing against the Defendants. The Court has also had to deal with numerous motions to compel filed by Plaintiff against the Defendants in this case. Overall, Plaintiff has filed six motions to compel against multiple Defendants in this action, and Plaintiff has filed numerous motions for sanctions.

This specific motion involves four defendants: FxTrade, Mischler, Sibbitt, and Reverie (collectively "Defendants"). Plaintiff filed a Motion to Compel against Defendants on May 19, 2005, and Defendants failed to respond to the motion. As such, because Defendants did not respond and for good cause shown, the Court entered an Order granting the Motion to Compel and directing Defendants to provide initial disclosures and/or revised initial disclosures to Plaintiff within 11 days of entry of the Order. The Court also imposed sanctions on Defendants requiring them to reimburse Plaintiff's counsel for fees and expenses incurred in preparing the motion to compel.

Although they were ordered to do so by the Court, Defendants have not provided the initial disclosures and/or the revised initial disclosures required by the Court's June 15, 2005 Order. Therefore, although Plaintiff's First Amended Complaint was filed on September 13, 2004, Defendants have yet to complete initial disclosures in this matter. Furthermore, Defendants have failed to notify Plaintiff when it can expect to receive the initial disclosures. Plaintiff argues in its Motion that FxTrade and Mischler have not responded to any of Plaintiff's telephone calls, letters, e-mails or pleadings since April 4, 2005. Sibbitt last communicated with

2

Plaintiff on May 19, 2005. Reverie has been even less cooperative. Although a summons was returned executed on Reverie on October 25, 2004, Reverie has yet to file an Answer with the Court.[1]

Although responses to the instant motion were due July 25, 2005, none of the four defendants involved with this motion filed a timely response as required by Local Rule 7.2(a)(2). "Failure to timely respond to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion." Local Rule 7.2(a)(2).

## ANALYSIS

### I. Legal Standard

The Court has both express power, under Federal Rule of Civil Procedure 37, and inherent power to impose sanctions for bad faith conduct during discovery. *See* Fed. R. Civ. P. 37; *Chambers v. NASCO*, 501 U.S. 32 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980). Rule 37 provides two frameworks for the imposition of sanctions. First, under subsections (a) and (b), a party may move for an order to compel discovery. If that motion is granted and a party refuses or fails to comply with the Court's Order, the Court may issue a wide range of sanctions under Rule 37(b), including dismissal of the lawsuit. Second, subsection (d) provides for a less common scenario when sanctions may be imposed even though no prior court order has been issued. The Court may enter an order for sanctions under Rule 37(d), for example, if a party fails to attend a deposition or respond to discovery requests. Rule 37(d) also allows the Court to award attorneys' fees and expenses.

---

[1] Plaintiff states in its Motion that Reverie supplied an Answer to Plaintiff's First Amended Complaint to Plaintiff; however, Reverie has yet to file any such Answer with the Court.

3

The Court may also impose sanctions based on its inherent authority. A court's inherent power "is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). This inherent power includes the Court's "power to control and supervise its own proceedings." *Smith v. Northwest Fin. Acceptance, Inc.*, 129 F.3d 1408, 1419 (10th Cir. 1997).

The decision to impose sanctions lies within the sound discretion of the trial court. *See Dillon v. Nissan Motor Co.*, 986 F.2d 263, 268 (8th Cir. 1993). Sanctions are "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). "[T]he applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999).

Dismissal of an action is warranted if the wrongdoing party has committed "flagrant bad faith." *Jackson v. Nissan Motor Corp.*, 121 F.R.D. 311, 319 (M.D. Tenn. 1988) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976)). In the Sixth Circuit, "[d]ismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Engineering & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). The word "willful" is defined in *Black's Dictionary* to mean "[v]oluntary and intentional, but not necessarily malicious." *Black's Dictionary* 1593 (7th ed. 1999). The Sixth Circuit also asks that reviewing

4

courts determine if the adversary was prejudiced by a failure to cooperate in discovery, whether a party was warned that the failure to cooperate could lead to sanctions, and whether less drastic sanctions were first imposed or considered. *See Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

## II. FxTrade

After a thorough review of the pleadings in this action and careful consideration, the Court recommends that FxTrade's Answer should be stricken.[2] FxTrade has ignored countless Orders from the Court, including (1) an Order on April 4, 2005 requiring FxTrade to notify the Court when it retained new counsel, (2) an Order on April 6, 2005 requiring FxTrade to respond to a motion to compel by April 15, 2005, (3) an Order on May 17, 2005 requiring FxTrade to completely respond to Plaintiff's discovery requests, and (4) an Order on June 15, 2005 requiring FxTrade to provide initial disclosures and/or revised initial disclosures to Plaintiff. Furthermore, FxTrade has ceased communicating with both the Plaintiff and the Court. FxTrade is not responding to Motions, is not following the Court's Orders, and is not responding to letters, e-mails, telephone calls and pleadings from Plaintiff. Plaintiff goes so far in its Motion to note that FxTrade last communicated with Plaintiff in April of this year, almost four and a half months ago. Therefore, the Court concludes that FxTrade's conduct is in bad faith, and that it is intentionally failing to cooperate in the discovery process.

After analyzing the remaining three factors discussed in *Freeland*, the Court concludes that dismissal of this action against FxTrade is appropriate. By not being able to timely proceed

---

[2] The Court also recommends that the Answers of both Sibbitt and Mischler should be stricken; however, Plaintiff has filed separate motions for sanctions with respect to these two Defendants. As such, the Court will enter two separate report and recommendations to Judge Donald recommending that the Answers of Sibbitt and Mischler be stricken and that default judgment be entered against Sibbitt and Mischler. The remainder of this report and recommendation will discuss the lack of cooperation of FxTrade and Reverie.

with this lawsuit, Plaintiff has been prejudiced. Plaintiff has spent countless hours attempting to locate discovery materials and filing motions to compel and motions for sanctions with the Court. Plaintiff cannot begin its depositions of factual or expert witnesses, and Plaintiff cannot compose supplemental discovery requests until FxTrade provides complete discovery responses and initial disclosures to Plaintiff. Furthermore, the Court has imposed lesser sanctions against FxTrade after it neglected to respond to Plaintiff's motion to compel FxTrade to provide initial disclosures and/or revised initial disclosures. However, even though the Court has instructed FxTrade to respond numerous times and has imposed sanctions on FxTrade, it still continues to ignore Court Orders, refuses to respond to discovery requests, and is delaying these proceedings. Therefore, the Court concludes no other sanction can persuade FxTrade to actively participate in this lawsuit.

Because of its repeated failure to cooperate in the discovery process and his bad faith conduct, the Court recommends that FxTrade's Answer be stricken. The Court also recommends that default judgment should be entered against FxTrade.

### III. Reverie

After a thorough review of the docket sheet in this matter, the Court notes that Reverie has not filed an Answer in this case. Plaintiff states that Reverie supplied it with an Answer to Plaintiff's First Amended Complaint; however, because no Answer has been filed the Court, the Court is unable to consider any such document. As such, the Court recommends that Judge Donald hold a Show Cause hearing where Reverie should be required to show cause why it should not be held in default for failure to timely answer or otherwise respond to Plaintiff's First Amended Complaint.

## IV. Defendants' Payment of Fees and Expenses

For good cause shown and because Defendants did not respond to the instant Motion, the Court recommends that Defendants should be required to equally share in the payment of any reasonable fees and expenses, including attorney's fees, incurred by Plaintiff in the preparation of the instant Motion. Therefore, if Judge Donald adopts this report and recommendation in full, Plaintiff's counsel shall supply an affidavit to the Court within 15 days of entry of such an Order adopting this report and recommendation. In the affidavit, Plaintiff's counsel shall list the fees and expenses, including attorney's fees, incurred in the preparation of the instant Motion for Sanctions. Defendants should also pay the amount listed in the Court's July 6, 2005 Order, if they have not already done so.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

/s/ Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: August 29, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 143 in case 2:04-CV-02181 was distributed by fax, mail, or direct printing on September 7, 2005 to the parties listed.

---

Joseph J. Cecala
222 Albion
Park Ridge, IL 60068

Charles D. Marvine
COMMODITY FUTURES TRADING COMMISSION
Two Emanuel Cleaver II Blvd.
Ste. 300
Kansas City, MO 64112

Thomas J. Sjoblom
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave.
Ste. 300
Washington, DC 20036

Rachel A. Hayes
COMMODITY FUTURES TRADING COMMISSION
Two Emanuel Cleaver II Blvd.
Ste. 300
Kansas City, MO 64112

W. Michael Richards
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Richard Glaser
1155 21st Streetm N.W.
Division of Enforcement
Washington, DC 20581

Benjamin R. Ogletree
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave.
Ste. 300
Washington, DC 20036

Jeffrey A. Mischler
8653 Heatherly Cove
Germantown, TN 38138

Gary A. Vanasek
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Mary Jo Sibbitt
21 W. 611 Glen Park Rd
Glen Ellyn, IL 60137

Honorable Bernice Donald
US DISTRICT COURT