IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV -3 AM 11: 26

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO.   04-2181 D/An |
| FXTRADE FINANCIAL, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Contempt Motion Against Catherine Mischler For Failure to Comply with Deposition Subpoena filed on October 4, 2005. United States District Judge Bernice B. Donald referred this matter to the Magistrate Judge for a report and recommendation. For the reasons set forth below, the Court recommends that Plaintiff's Motion be **GRANTED**.

### Background

On August 24, 2005, Plaintiff served a subpoena upon Catherine Mischler ("Mischler") via Federal Express, requiring her to appear for a deposition at 167 N. Main Street, Room 375 on September 26, 2005 at 1:00 p.m. On or about September 7, 2005, the subpoena and accompanying deposition notice were returned to Plaintiff via Federal Express. Federal Express had been unable to deliver the package and Mischler did not call Federal Express concerning the delivery. When Plaintiff received the returned package, it mailed copies of the subpoena and deposition notice to Mischler's home address. This mailing has not been returned.[1] Later, on

---

[1] Plaintiff also notes that neither Mischler nor her husband, Defendant Jeffrey Mischler, have informed Plaintiff of any change of address.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

September 19, 2005, Plaintiff sent an email to Mischler's husband, Defendant Jeffrey Mischler, reminding both of the September 26 deposition. The email included an attachment of the deposition subpoena and notice of deposition. Plaintiff did not receive a response. On that day, Plaintiff also left a telephone message with Jeffrey Mischler's answering machine reminding the couple of Mischler's upcoming deposition. Mischler failed to appear for her deposition on September 26, 2005. To date, Plaintiff has not received any communication from Mischler regarding her failure to appear at her deposition.

## Analysis

Federal Rule of Civil Procedure 45 authorizes parties to issue subpoenas to persons commanding them to "to attend and give testimony." Fed. R. Civ. P. 45(a)(1)(C). In the event that the person served with such a subpoena does not wish to obey the subpoena, he or she may file a timely motion with the court seeking to have the subpoena quashed or modified. Fed. R. Civ. P. 45(c)(3)(A). The Rule further provides that "Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena issued." Fed. R. Civ. P. 45(e).

In the matter before the Court, Catherine Mischler has neither filed a motion asking the Court to quash or modify Plaintiff's deposition subpoena nor has she presented to the Court an "adequate excuse" as to why she failed to appear for her deposition. Further, she has failed to file a response to Plaintiff's Motion as required by Local Rule 7.2(a)(2). "Failure to timely respond to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion." Local Rule 7.2(a)(2).

Therefore, for good cause shown and because Mischler did not respond to the Motion, the Court recommends that Catherine Mischler be ordered to comply with Plaintiff's deposition

subpoena and make herself available for deposition at the Plaintiff's Kansas City, Missouri office within two weeks of the entry of an order adopting this Report and Recommendation. Additionally, Mischler should be cautioned that she could be found in contempt if she does not comply.

The Plaintiff should be allowed to submit an affidavit setting forth the amount of expenses and fees incurred in the preparation and filing of this Motion within fifteen (15) days from entry of order adopting this Report and Recommendation, and the Court should award to the Plaintiff all reasonable expenses and fees set forth therein.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

*S. Thomas Anderson*
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: November 03, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 165 in case 2:04-CV-02181 was distributed by fax, mail, or direct printing on November 3, 2005 to the parties listed.

---

Gary A. Vanasek
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Joseph J. Cecala
222 Albion
Park Ridge, IL 60068

Richard Glaser
1155 21st Streetm N.W.
Division of Enforcement
Washington, DC 20581

Thomas J. Sjoblom
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave.
Ste. 300
Washington, DC 20036

Charles D. Marvine
COMMODITY FUTURES TRADING COMMISSION
Two Emanuel Cleaver II Blvd.
Ste. 300
Kansas City, MO 64112

Rachel A. Hayes
COMMODITY FUTURES TRADING COMMISSION
Two Emanuel Cleaver II Blvd.
Ste. 300
Kansas City, MO 64112

Mary Jo Sibbitt
21 W. 611 Glen Park Rd
Glen Ellyn, IL 60137

W. Michael Richards
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Jeffrey A. Mischler
8653 Heatherly Cove
Germantown, TN 38138

Benjamin R. Ogletree
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave.
Ste. 300
Washington, DC 20036

Honorable Bernice Donald
US DISTRICT COURT