FILED BY_____ D.C.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE  05 NOV -3  AM II: 2⁹
### WESTERN DIVISION

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.   04-2181 D/An |
| | ) | |
| FXTRADE FINANCIAL, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## REPORT AND RECOMMENDATION

---

Before the Court is Plaintiff's Contempt Motion Against Defendant Jeffrey Mischler For

Failure to Comply with Deposition Subpoena filed on October 4, 2005.  United States District

Judge Bernice B. Donald referred this matter to the Magistrate Judge for a report and

recommendation.  For the reasons set forth below, the Court recommends that Plaintiff's Motion

be **GRANTED**.

### Background

On August 24, 2005, Plaintiff served a subpoena upon Defendant via Federal Express,

requiring him to appear for a deposition at 167 N. Main Street, Room 375 on September 27,

2005 at 8:30 a.m.  On or about September 7, 2005, the subpoena and accompanying deposition

notice were returned to Plaintiff via Federal Express.  Federal Express had been unable to deliver

the package and Defendant did not call Federal Express concerning the delivery.  When Plaintiff

received the returned package, it mailed copies of the subpoena and deposition notice to

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

Defendant's home address. This mailing has not been returned.[1] Later, on September 19, 2005, Plaintiff sent an email to Defendant, reminding him of the September 27 deposition. The email included an attachment of the deposition subpoena and notice of deposition. Plaintiff did not receive a response. On that day, Plaintiff also left a telephone message with Defendant's answering machine reminding him of the upcoming deposition. Defendant failed to appear for his deposition on September 27, 2005. To date, Plaintiff has not received any communication from Defendant regarding his failure to appear at his deposition.

### Analysis

Federal Rule of Civil Procedure 45 authorizes parties to issue subpoenas to persons commanding them to "to attend and give testimony." Fed. R. Civ. P. 45(a)(1)(C). In the event that the person served with such a subpoena does not wish to obey the subpoena, he or she may file a timely motion with the court seeking to have the subpoena quashed or modified. Fed. R. Civ. P. 45(c)(3)(A). The Rule further provides that "Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed in contempt of the court from which the subpoena issued." Fed. R. Civ. P. 45(e).

In the matter before the Court, Defendant has neither filed a motion asking the Court to quash or modify Plaintiff's deposition subpoena nor has he presented to the Court an "adequate excuse" as to why he failed to appear for his deposition. Further, he has failed to file a response to Plaintiff's Motion as required by Local Rule 7.2(a)(2). "Failure to timely respond to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion." Local Rule 7.2(a)(2).

Therefore, for good cause shown and because Defendant did not respond to the Motion,

---

[1] Plaintiff also notes that Defendant has not informed Plaintiff of any change of address.

the Court recommends that Defendant be ordered to comply with Plaintiff's deposition subpoena and make himself available for deposition at the Plaintiff's Kansas City, Missouri office within two weeks of the entry of an order adopting this Report and Recommendation. Additionally, Defendant should be cautioned that he could be found in contempt if he does not comply.

The Plaintiff should be allowed to submit an affidavit setting forth the amount of expenses and fees incurred in the preparation and filing of this Motion within fifteen (15) days from entry of order adopting this Report and Recommendation, and the Court should award to the Plaintiff all reasonable expenses and fees set forth therein.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: November 03, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 167 in case 2:04-CV-02181 was distributed by fax, mail, or direct printing on November 4, 2005 to the parties listed.

---

Jeffrey A. Mischler
8653 Heatherly Cove
Germantown, TN 38138

Gary A. Vanasek
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Richard Glaser
1155 21st Streetm N.W.
Division of Enforcement
Washington, DC 20581

Joseph J. Cecala
222 Albion
Park Ridge, IL 60068

Benjamin R. Ogletree
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave.
Ste. 300
Washington, DC 20036

Thomas J. Sjoblom
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave.
Ste. 300
Washington, DC 20036

W. Michael Richards
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Charles D. Marvine
COMMODITY FUTURES TRADING COMMISSION
Two Emanuel Cleaver II Blvd.
Ste. 300
Kansas City, MO 64112

Mary Jo Sibbitt
21 W. 611 Glen Park Rd
Glen Ellyn, IL 60137

Rachel A. Hayes
COMMODITY FUTURES TRADING COMMISSION
Two Emanuel Cleaver II Blvd.
Ste. 300
Kansas City, MO 64112

Honorable Bernice Donald
US DISTRICT COURT